

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Lee Brady, Commissioner,
Department of Banking
Austin, Texas

Dear Mr. Brady:

Opinion No. O-2820
Re: Whether or not the State
will pay travelling expenses
for a bookkeeper and bond
clerk in the Banking De-
partment, who has been as-
signed by the Commissioner
to aid the regularly appoint-
ed examiner or assistant ex-
aminer.

We beg to acknowledge receipt of your letter of
October 8, 1940, as follows, to-wit:

"During the past fiscal year this Depart-
ment was unable to make a number of examina-
tions required of it under the law. The de-
ficiency existed both as to banks and as to
building and loan associations. The difficulty
was due entirely to a shortage in personnel in
the examining forces. It is apparent that the
same situation will arise during the current
fiscal year unless strenuous effort is made
by everyone in the office.

"In order to enable us to make more exam-
inations it is the plan of this Department that
the Deputy Commissioner, Departmental Examiner
and Building and Loan Supervisor will actively
participate in the actual examination of banks
and building and loan associations whenever
their supervisory duties will permit.

"Your attention is directed to the fact
that under the current appropriation bill there
is a provision for the position of 'bookkeeper
and bond clerk'. This position is now filled

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

by a man who was formerly an assistant examiner.
It is our hope that by reorganizing his work he
will be able, not only to perform the duties
of his position, but will have some time avail-
able for other work. It has been suggested that
he could best be used in assisting either the
Deputy Commissioner, Departmental Examiner, or
Building and Loan Supervisor, when those employ-
ees are actively engaged in examinations, by
performing a part of the detail work in con-
nection with the examination. At times it may
be desirable to have this employee assist the
field examiners, his use being governed by the
requirements of the moment. Naturally, if this
employee is to be used as above suggested it
will be necessary that he travel. Before put-
ting this plan of operation into effect I would
like to submit to you the following question:

"Can the State pay the travel expenses of
the bookkeeper and bond clerk of this Depart-
ment when he is traveling in connection with
the work as above outlined?"

A rider attached to the Departmental Appropria-
tion Bill by the 45th Legislature (General Laws, 1937, p.
1491) provided for transfer of employees, as follows:

"It shall be the duty of the head of
any department to transfer an employee of
his office to any desk or place within the
department when necessary to perform the
duties of the department, and for the pro-
per dispatch of business."

This rider was omitted from the Appropriation
Bill passed by the 46th Legislature.

We understand from your letter, however, that
you do not contemplate a transfer of an employee but
rather you contemplate utilizing a part of the bookkeep-
er and bond clerk's time to aid the regular examiners in
their work; that the salary of the bookkeeper and bond

clerk will be paid as in the Appropriation Bill contem-plated, but that his traveling expenses alone are with-in the scope of your inquiry.

If the question of traveling expenses of the bookkeeper-bond clerk were not involved, the question propounded by you would undoubtedly be controlled by our holding in Opinion No. O-1139, wherein it was said:

"The above-quoted rider on salary pay-ments (The 1937 Appropriation Bill) does not prohibit a service or duty, but it requires that he actually perform the duties for which he is paid. If he performs the duties for which he is being paid, and is able, in ad-dition thereto, to assist other necessary activities of the department, we find noth-ing in the bill which would prevent the de-partment head from so directing. It is com-mon knowledge that the volume of work on various desks in the different departments fluctuates from time to time, and we do not think it was the intention of the Legislature to prohibit the head of a department from di-recting an employee to perform additional du-ties or assist with other work where the cir-cumstances require. This is a situation to which the rule of reason must be applied."

Item 7 under the heading of Loan and Brokerage Division (improperly placed, apparently,) of the current appropriation for the State Banking Department is as fol-lows:

"Traveling expense, Banking Depart-ment ............................... $19,000.00."

In the very nature of this item it contemplates payment of the travel expense of any person belonging to the Banking Department necessarily incurred in transact-ing State business connected with that department. We think the Appropriation Act itself should be liberally construed with a view to effectuating the purposes for which the Legislature thus made provision. Much is left, of course, to the sound, official discretion of the Bank-

ing Commissioner as to when such travel expense is necessary or proper. When, however, he determines in the exercise of that sound, official discretion that a given service and the incidental travel expense connected therewith are necessary in the performance of his official duties, and he is able and willing to make the necessary affidavit that the services have been performed, or more explicitly, that the expense has been incurred in the prosecution of State business by the employee of his department, the item may properly be paid from the traveling expense appropriated in Item 7 above.

The immediate case unmistakably shows a most commendable purpose on your part, as Banking Commissioner, to conserve the services of the employees now in the department, and to obtain the maximum service from each, in the most economical method available. This purpose is not only commendable but well within the spirit of the law.

Trusting that this will have answered your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By                    (signed)
                     Ocie Speer
                     Assistant

OS-MR

APPROVED NOV 1, 1940

Gerald C. Mann /s/

ATTORNEY GENERAL OF TEXAS